NEUMAN H. BORENSTEIN, Appellant, *v.* ISIDORE SPIEGEL, Respondent.

First Department, April 8, 1927.

**Fraud and deceit — action for alleged misrepresentations by defendant inducing plaintiff to purchase corporate stock through brokers — proof of scienter unnecessary in action based on rescission — judgment dismissing complaint reversed and new trial ordered.**

In an action for alleged misrepresentations by the defendant, in inducing the plaintiff to purchase corporate stock through brokers, a judgment dismissing the complaint by direction of the court should be reversed and a new trial granted, since the evidence is obscure as to whether the plaintiff relied upon the representations of the defendant, and likewise as to whether the action was in rescission or for damages, in which latter event clearer proof should have been made as to the value of the stock.

It is inferable from the testimony that the purchase was made directly from the defendant in reliance upon the misrepresentations, and in that event proof of scienter would be unnecessary in an action based on rescission.

FINCH and MERRELL, JJ., dissent, with opinion.

APPEAL by the plaintiff, Neuman H. Borenstein, from a judgment of the Supreme Court in favor of the defendant, entered in the

office of the clerk of the county of New York on the 14th day of July, 1925, upon the dismissal of the complaint by direction of the court after a trial at the New York Trial Term.

*Bernard H. Sandler* [*Ira Wollison* with him on the brief], for the appellant.

*Julius Levy* [*Stanley Garten* with him on the brief], for the respondent.

PER CURIAM. The plaintiff's evidence was inexactly and inartificially adduced. It is obscure as to whether the plaintiff relied on the representations of Spiegel, and likewise as to whether the action was in rescission or for damages, in which latter event clearer proof should have been made as to the value of the stock. Nevertheless we think in the interest of justice a new trial should be ordered. It is inferable from the testimony that the purchase was made directly from the defendant in reliance on the misrepresentations, and in that event proof of scienter would be unnecessary in an action based on rescission.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

Present — DOWLING, P. J., MERRELL, FINCH, McAVOY and PROSKAUER, JJ.; FINCH, J., dissents in an opinion in which MERRELL, J., concurs.

FINCH, J. (dissenting). I vote to affirm the judgment appealed from. I am unable to see how the learned trial justice could have reached any other conclusion than that which he did, namely, to dismiss the complaint. The record on appeal shows that the plaintiff purchased certain stock of the Texas Producing and Refining Company by giving an order to a firm of brokers and paying the purchase price to them. The plaintiff does not allege in his complaint or even claim in his brief on appeal that he purchased the stock from the defendant. Neither does the plaintiff allege in his complaint that the defendant had any connection through agency with the Texas Producing and Refining Company, or the brokers through whom the stock was purchased. In addition, the evidence from the lips of the plaintiff himself admits express notice given by the defendant that the latter had no connection whatsoever with the stock but was merely giving a friendly tip. The plaintiff testified: " Q. Now, you remember saying a few minutes ago that Mr. Spiegel told you that he was an insurance agent and had nothing to do with this thing except he was giving you a friendly tip, is that right? A. Yes, sir." Since the plaintiff thus alleges a purchase, not from the defendant but from another, induced by the false representations

of the defendant, it was necessary for the plaintiff to allege and prove as the correct measure of his damage the difference between the value of the stock at the time that he purchased the same and what it would have been worth if the representations made by the defendant were true. (*Benedict* v. *Guardian Trust Co.*, 91 App. Div. 103; affd., 180 N. Y. 558.) Instead what the plaintiff attempted to do was to prove that at the time of the trial the stock in the company was worthless and thereby seek to recover from the defendant as the measure of his damage the amount of the purchase price which he had paid to another and hand over the stock to the defendant. Assuming that the stock may have been worth nothing at the time of the trial (and even this the plaintiff did not prove; all that he attempted being to prove that the corporation was then in bankruptcy without showing what, if any, dividends would be recovered), it does not follow that it was worth nothing at the time the plaintiff purchased it. In fact it is conceded in the record by both sides that it was quoted at a substantial amount in the open market after the purchase by the plaintiff and during the time that he was complaining to the defendant about his purchase.

Since the plaintiff thus failed to give evidence showing the proper measure of his damage upon the only theory upon which he could maintain the action according to his own testimony, it follows that the dismissal of the complaint was proper and should be affirmed.

MERRELL, J., concurs.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.